ATLANTA & CHARLOTTE AIR LINE RAILWAY *vs.* HOLCOMBE.

CASE, FROM CITY COURT OF ATLANTA. Railroads. Damages. Negligence. New Trial. (Before Judge Clarke.)

Blandford, J.—Where suit was brought against a railroad company for damages, resulting from a failure to transport certain wood, which had been placed along the line of defendant's road for transportation,. and where the testimony for the plaintiffs tended to show that, after they had notified and applied to the company to transport their wood, the defendant furnished transportation to other parties engaged in the business and who had applied therefor after the plaintiffs had done so, and that by reason of such failure, the wood depreciated in value, and. they sustained loss ; and where the testimony for the defendant was a denial of these facts, and tended to show that it did not have the means to transport the wood, owing to the pressure of general business on the road, after a verdict for the plaintiffs, the presiding Judge did not abuse his discretion in refusing to grant a new trial on the ground that the verdict was contrary to law and without evidence to support it.

(a) The presiding judge is vested with discretion in the grant of new trials—not an arbitrary discretion, but one to be exercised according to legal principles.

Judgment affirmed.

Hopkins & Glenn, for plaintiff in error.

Hoke & Burton Smith, for defendant.

---

ATLANTA AND CHARLOTTE AIR LINE RAILWAY *vs.* HARRISON & BRO.

CASE, FROM FULTON. Railroads. Service. Words and Phrases. Continuance.. Leases. (Before Judge Hammond.)

Blandford, J.—1. Under the provisions of §3369 of the Code for perfecting service on a railroad company which has leased its line by sending a letter "to the president of the leasing company" and serving the depot agent of the lessee, the lessor is "the leasing company," and. the letter should be sent to its president.

(a) . Whether service on the superintendent of the lessee company is equivalent to service on its depot agent, is not .decided, there being. no exception to the ruling of the court to the contrary.

2. The court having held that service had not been perfected, there was no error in continuing the case in order to allow it to be done.

Judgment affirmed.

Hopkins & Glenn, for plaintiff in error.

George T. Fry; Hoke Smith, for defendant.